**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Elleontheglow LLC d/b/a dubose,<br><br>     Plaintiff,<br>     v.<br><br>Medpack Group Inc., Vincent Caballer, and Stellanie Yiannos,<br><br>     Defendants. | Case No. 2:25-cv-13708-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is Plaintiff's motion for attorney's fees. (Dkt. No. 33). For the reasons stated below, the Court denies Plaintiff's motion.

## I.     Background

On October 27, 2025, Plaintiff brought a civil action against Defendants in the Charleston County Court of Common Pleas. (Dkt. No. 1-1). The Amended Complaint alleged that Defendant Medpack Group Inc. ("Medpack") breached its agreement with Plaintiff by failing to manufacture satisfactory cosmetic products. (Dkt. No. 13). Defendants Caballer and Yiannos were not parties to the agreement. *Id*. at ¶ 16. The agreement had a forum-selection clause that provided that:

> This Agreement shall be construed under, and governed by, the laws of the State of South Carolina. The South Carolina courts of competent jurisdiction located in Charleston County, SC, shall have exclusive jurisdiction and venue over any dispute arising from or related to this Agreement, and the parties hereby submit to the personal jurisdiction of said courts and South Carolina.

(Dkt. No. 13-1 at 7).

On December 3, 2025, Defendants removed the case to federal court. (Dkt. No. 1). Plaintiff thereafter moved to remand, arguing that, among other things, the phrase "South Carolina courts" unambiguously required this case to be heard in state court. (Dkt. No. 14 at 7-9). The Court,

1

applying traditional canons of construction, granted Plaintiff's motion, concluding that the forum-selection clause unambiguously vests exclusive jurisdiction over this action in South Carolina state courts and that Medpack, as a signatory to the agreement, waived its right to remove the action to federal court. (Dkt. No. 30 at 8-10). The Court further found that although Defendants Caballer and Yiannos were not parties to the agreement, remand of the entire action was necessary because the rule of unanimity under 28 U.S.C. § 1446(b)(2)(A) could not be satisfied. *Id.* at 12-13. In other words, because Medpack waived its right to remove by virtue of the forum-selection clause, it was incapable of consenting to removal, rendering Defendants' removal procedurally defective for lack of unanimous consent. *Id.*

Plaintiff now files this motion, asserting that it is entitled to attorney's fees under 28 U.S.C. § 1447(c) because Defendants' removal was objectively unreasonable. (Dkt. No. 33). Defendants respond in opposition. (Dkt. No. 34). This matter is ripe for disposition.

## II.    Legal Standard

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." When determining whether to award fees under § 1447(c), "[t]he appropriate test . . . should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). That is to say, "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable

basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*.

## III.    Discussion

As an initial matter, the Court notes that although a "federal court loses jurisdiction over a case as soon as its order to remand the case is entered," *In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996), it "may consider collateral issues after an action is no longer pending," such as motions for attorney's fees. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). *See also Anton Leasing, Inc. v. Engram*, 846 F.2d 69, 1988 WL 33381, at *1 (4th Cir. 1988) (per curiam) (unpublished table decision) (holding that although "the district court was without jurisdiction to rule on the transfer motion, . . . the court had jurisdiction to review the [post-remand] request for just costs . . ."). The Supreme Court of the United States has explained that motions for "attorney's fees are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree." *Cooter*, 496 U.S. at 395 (citation and punctuation omitted). "Thus, even years after the entry of a judgment on the merits[,] a federal court could consider an award of counsel fees." *Id*. (citation and punctuation omitted). Accordingly, the Court is not divested of jurisdiction to address Plaintiff's motion for attorney's fees under § 1447(c).

As to the substance of its motion, Plaintiff contends that Defendants' removal was objectively unreasonable for two reasons: first, because it violated the well-established rule of unanimity under 28 U.S.C. § 1446(b)(2)(A), and second, because Defendants' interpretation of the

3

forum-selection clause was directly foreclosed by *FindWhere Holdings, Inc. v. Systems Environment Optimization, LLC*, 626 F.3d 752 (4th Cir. 2010). (Dkt. No. 33 at 7-8, 10-11).[1]

The Court notes that Plaintiff's first contention is not meaningfully distinct from the second. Although framed as a challenge to Defendants' removal based on the lack of unanimous consent, the argument ultimately depends on the premise that Defendants' position—that the language of the forum-selection clause did not require Medpack to litigate in state court and therefore permitted it to consent to removal—was objectively unreasonable. In other words, the asserted lack of unanimity directly flows from Defendants' interpretation of the forum-selection clause underlying that argument. The Court therefore considers Plaintiff's arguments to be a single contention.

Defendants posit that their removal was not objectively unreasonable because no binding precedent addressed the meaning of similar clauses and at least one non-binding decision supported their position. (Dkt. No. 34 at 1). The Court agrees with Defendants.

Plaintiff is correct that *FindWhere* was instructive regarding the distinction between forum-selection clauses that imposed geographical limitations and those that imposed sovereignty limitations. *See FindWhere*, 626 F.3d at 755. There, the Fourth Circuit articulated that clauses that use the phrase "in a [state]" indicate an intent to limit jurisdiction geographically, "permitting jurisdiction in both the state and federal courts of the named state." *Id.* (citation omitted). Whereas

---

[1] Plaintiff additionally argues that the application of the forum-selection clause does not bar an award of attorney's fees because the Court's remand order was based on a procedural defect, not the clause itself. *See* (Dkt. No. 33 at 11–13) (distinguishing cases holding that "attorney's fees can never be awarded under § 1447(c) when the remand is premised on a forum-selection clause"). The Court need not resolve this contention, however, because it denies Plaintiff's motion on the independent ground that Defendants' removal was not objectively unreasonable.

clauses that use "of a [state]" signify sovereignty, "limiting jurisdiction over the parties' dispute to the state courts of the named state." *Id.* (citation omitted).

In this case, however, neither phrase was present. Thus, *FindWhere* cannot be said to have foreclosed Defendants' interpretation of "South Carolina courts," as the contractual language there differed materially from the language at issue here. *See, e.g.*, *TPM Sols., LLC v. Agiliti Surgical Equip. Repair, Inc.*, No. 3:24-CV-3003-SAL, 2024 WL 4773087, at *5 (D.S.C. Sep. 8, 2024) (denying the plaintiff's motion for attorney's fees under § 1447(c), as the court found that the defendant's removal was not objectively unreasonable because *FindWhere* did not foreclose its argument that the forum-selection clause's reference to "jurisdiction of the State of South Carolina" was ambiguous, as no binding precedent addressed that language, and the only analogous case cited by the parties found similar language ambiguous). And, in the absence of binding precedent addressing the phrase "[a state] courts," the Court was required to interpret the provision in the first instance; only then did *FindWhere*'s framework become relevant. *See* (Dkt. No. 30 at 8-9).

Indeed, Defendants' asserted basis for removal—that the clause was ambiguous and therefore removal was proper—had at least some logical and precedential force behind it. As Defendants argued in their motion opposing remand, one federal district court has found a similar clause to be ambiguous. *See* (Dkt. No. 20 at 5-7) (citing *City of New York v. Pullman Inc.*, 477 F. Supp. 438, 442-43 (S.D.N.Y. 1979)). Under these circumstances, notwithstanding the Court's determination that the forum-selection clause was not ambiguous, it cannot be said that Defendants "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for attorney's fees (Dkt. No. 33) is **DENIED**.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel

Richard Mark Gergel
United States District Judge

April 3, 2026
Charleston, South Carolina